UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-CR-1055 RLW |
| | ) |
| TERRY YOUNG, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on pretrial matters. Defendant Terry Young was federally indicted on November 9, 2019, on one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Defendant initially made an oral motion and later filed a written motion seeking to suppress statements, a firearm, and narcotics, on the basis that they were seized and obtained in violation of the Fourth Amendment. (ECF Nos. 19, 31.) Judge David D. Noce held an evidentiary hearing on Defendant's motions to suppress on September 29, 2021. Judge Noce filed an Order and Recommendation of United States Magistrate Judge (ECF No. 59) on December 7, 2021, which recommended that Defendant's Motions to Suppress Statements and Evidence be denied.

Defendant Young filed objections to the Magistrate Judge's Order and Recommendation (ECF No. 63) on January 11, 2022, after seeking additional time to do so. Defendant objects to the Magistrate Judge's recommendation that his motions to suppress statements and evidence be denied. Specifically, Defendant asserts the Magistrate Judge erred in: (1) finding that officers lawfully expanded the initial traffic stop; (2) finding that Defendant lacked standing to challenge the search because he was a passenger in the vehicle; (3) concluding that police had valid reason

to force Defendant to exit the vehicle and remain on the scene even though he was not suspected of any crime; (4) finding that officers only attempted to place Defendant in handcuffs after a firearm was found inside the vehicle; and (5) finding that Defendant's statement are admissible, as these flow from the illegal detention. The Government responds that the Magistrate Judge's recommendation is correct and Defendant's objections are without merit. (ECF No. 64.) Defendant did not file a reply brief.

The Court has carefully and independently reviewed the full record, read the transcript of the evidentiary hearing held by Judge Noce on September 29, 2021, examined the exhibits admitted into evidence, and listened to the audio recording introduced into evidence at the hearing. Having done so, the Court finds that Defendant's objections are without merit for the following reasons.

Expansion of Initial Traffic Stop.

Defendant does not challenge the validity of the initial traffic stop, but does challenge its expansion. Judge Noce concluded:

> In this case, prior to stopping the vehicle, Officer Biesemann reasonably suspected that either the driver was intoxicated, or he and any passengers were involved in drug-related criminal activity. Officer Biesemann inferred this from his training and experience, drawing on the vehicle's out-of-state license plates, heavily tinted windows, the soon-after-midnight time of night, the driver's erratic driving, and the high-crime characteristic of the neighborhood. United States v. Arvizu, 534 U.S. 266, 273-74 (2002) (holding that the totality of the circumstances approach "allows officers to draw on their own experience and specialized training to make inferences and deductions about the cumulative information available to them that 'might well elude an untrained person'") (quoting United States v. Cortez, 449 U.S. 411, 418 (1981)).
>
> The driver reinforced the officer's suspicion when he opened the car door immediately after being stopped and attempted to exit the vehicle. The total circumstances prompted Officer Biesemann to radio for a backup officer. Until that officer arrived, Officer Biesemann and Officer Kennemer knew they were outnumbered two to three by the vehicle's occupants. Officer Biesemann also learned that the defendant and driver were strangers to one another, and that the

2

>   driver's record contained a felony.  Neither the driver nor the passengers presented state-issued identifications.  The defendant also initially refused to exit the vehicle when lawfully requested by Officer Biesemann, becoming verbally aggressive in the process.

(ECF No. 59 at 11-12.)  Judge Noce's findings are supported by the evidentiary record. His conclusion that the officers lawfully expanded the initial traffic stop is supported by United States v. Pulliam, 265 F.3d 736, 740 (8th Cir. 2001).   Defendant's objection is overruled.

>   Defendant's Lack of Standing.

The Magistrate Judge found that the driver voluntarily consented to a search of the vehicle and had the authority to consent, so the search did not violate Defendant's Fourth Amendment rights.  Defendant does not challenge this conclusion, but asserts the Magistrate Judge erred in further finding that Defendant had no standing to object to the search.  As stated above, Defendant did not challenge the validity of the traffic stop.

The Court disagrees.  "Generally, a mere passenger does not have standing to challenge a vehicle search where he has 'neither a property nor a possessory interest in the automobile.'" United States v. Russell, 847 F.3d 616, 618 (8th Cir. 2017) (quoting United States v. Anguiano, 795 F.3d 873, 878 (8th Cir. 2015) (quoting Rakas v. Illinois, 439 U.S. 128, 148 (1978)).   There is no evidence Defendant Young was an owner, permissive user, or driver of the vehicle when it was stopped, or that he had a property interest in it.  As a mere passenger, Defendant fails to demonstrate that he personally had a reasonable expectation of privacy in the vehicle.  See Anguiano, 795 F.3d at 877-78.

Defendant's citation to a footnote in United States v. Ameling, 328 F.3d 443 (8th Cir. 2003), does not compel a different result.  The cited footnote states that a passenger who did not own the vehicle she was riding in "may still 'challenge the stop and detention and argue that the evidence should be suppressed as fruits of illegal activity.'"  Id. at 446 n.3 (quoting United

States v. Lyton, 161 F.3d 1168, 1170 (8th Cir. 1998)).  Here, Defendant does not challenge the validity of the stop, but rather asserts that as a mere passenger, he had standing to challenge the search.  This is contrary to Russell, 847 F.3d at 618, Anguiano, 795 F.3d at 878, and Rakas, 439 U.S. at 148.  Defendant's objection is overruled.

Command for Defendant to Exit Vehicle.

Defendant asserts, "The Report & Rec. was wrong in concluding that the police had valid reason for forcing Mr. Young to exist [sic] the car and to remain on the scene even though he was not suspected of any crime." (ECF No. 63 at 5.)  Defendant cites no legal support for this conclusory objection.

As Judge Noce stated in the Order and Recommendation, where an officer validly stops a vehicle for a traffic infraction, he may ask a driver or a passenger to exit the vehicle without infringing the Fourth Amendment.  See Pennsylvania v. Mimms, 434 U.S. 106, 111 (1977) (per curiam) (request that the driver exit a vehicle during a traffic stop that was valid is a "*de minimis*" additional intrusion and is not a violation of the Fourth Amendment's prohibition against unreasonable seizures); Maryland v. Wilson, 519 U.S. 408, 415 (1997) (extending the holding in Mimms to passengers).  "Depending on the circumstances, officers may instruct the driver and passengers to step out of the car, prevent passengers from leaving the scene, and increase restraint proportionate to uncooperative behavior during an investigative detention." McElree v. City of Cedar Rapids, 983 F.3d 1009, 1016-17 (8th Cir. 2020).

Under the circumstances of this case, Officer Biesemann's request that the driver and passengers exit the vehicle and stand at its rear, following a valid traffic stop with probable cause of a lane violation, does not violate the Fourth Amendment.  Defendant's objection is overruled.

4

Factual Finding Regarding Sequence of Events as to Handcuffing.

Defendant objects that "[t]he Report & Rec. is in error in finding that officers only attempted [to] place Mr. Young in handcuffs after a firearm was found inside the car.  Report & Rec. at 15." (ECF No. 63 at 5.)  Defendant does not explain how this finding was erroneous, by citation to the hearing transcript or otherwise.

Officer Biesemann testified that he started his search of the vehicle, located the firearm in the floorboard where Defendant had been sitting, and at that point returned to where Defendant was standing at the rear of the vehicle and told him he would "be placed in handcuffs and detained" until the officer finished his investigation.  (Evid. Hrg. Tr., ECF No. 44 at 49:16-50:1.)  Defendant's conclusory objection is without support in the record and is overruled.

Admissibility of Statements.

Finally, Defendant objects to the Order and Recommendation's finding that his post-arrest statements are admissible, because "[t]he statement and arrest flow from the illegal detention."  (ECF No. 63 at 5.)  Judge Noce correctly rejected Defendant's argument that his statements should be suppressed because they were the fruit of his illegal arrest, because there is no evidence the police acted illegally.   Defendant's objection is overruled.

The Court is in full agreement with the Magistrate Judge's stated rationale for his recommendations, and will adopt the same.

Accordingly, after de novo review,

**IT IS HEREBY ORDERED** that the Order and Recommendation of United States Magistrate Judge dated December 7, 2021, is **sustained, adopted** and **incorporated** herein. (ECF No. 59)

**IT IS FURTHER ORDERED** that Defendant Terry Young's Motions to Suppress Statements and Evidence (ECF Nos. 19, 31) are **DENIED**.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 31st day of January, 2022.